**In The Matter of PINE ASSOCIATES, INC., Debtor.**

**Bankruptcy No. 2–82–00440.**

United States Bankruptcy Court, D. Connecticut.

Nov. 2, 1983.

Raymond A. Garcia, New Haven, Conn., for debtor.

John B. Nolan, Day, Berry & Howard, Hartford, Conn., for Aetna Cas. & Sur. Co., creditor.

Robert J. Cathcart, Shipman & Goodwin, Hartford, Conn., for Gordon, Muir & Foley, creditor.

## MEMORANDUM AND ORDER

### RE: APPLICATION OF AETNA CASU-ALTY AND SURETY COMPANY FOR ENLARGEMENT OF TIME TO FILE A PROOF OF CLAIM

ROBERT L. KRECHEVSKY, Bankrupt-cy Judge.

### I.

The matter before me is an application for enlargement of time to file a proof of claim. The applicant is the Aetna Casualty & Surety Company (Aetna), and it made its request pursuant to former Rule 906(b)(2) Fed.R.Bankr.P., which grants this court discretion to enlarge the time to permit the filing of a claim after the expiration of the period originally prescribed "where the failure to act was the result of excusable neglect." Pine Associates, Inc. (Pine), the debtor in this chapter 11 case, vigorously contested Aetna's application and the hearing extended over several days. After reviewing the testimony and the claims of law of the parties, I conclude that Aetna's application should be granted.

### II.

Pine commenced its case on May 12, 1982, when it filed a chapter 11 petition. Interim Rule 3001(b)(3) Fed.R.Bankr.P., in effect on that date, provided that: "A proof of claim may be filed at any time prior to the approval of the disclosure statement unless a different time is fixed by the court on notice, as provided in Rule 2002." [1] Rule 2002(c) requires that the clerk of the bankruptcy court give notice by mail to all creditors of "the time allowed for filing claims pursuant to Rule 3001." As was the normal court procedure, the court, on May 13, 1983, set a time certain for the last day for filing proof of claim, to wit, September 9, 1982, and such notice was sent to all creditors. In the schedules accompanying its petition,

Pine did not list Aetna as a creditor, and the clerk did not send Aetna notice of the date by which claims must be filed.

Pine did list as an asset in its schedule of property a claim against Aetna in the amount of $2,000,000.00. Pine formerly was in the construction business, and Aetna furnished performance bonds relating to the performance of Pine's contracts. Prior to the filing of its bankruptcy petition, Pine had notified Aetna of its allegations that Aetna had breached contractual obligations to Pine with respect to Aetna's handling of claims under the bonds. There is no question that because of Pine's omission of Aetna as a creditor, Aetna did not receive notice of the claim bar date. There is also no question that Aetna had actual knowledge of the filing of the bankruptcy petition by Pine, as Aetna's attorneys received copies of the petition on the date it was filed. Clifton B. Crandall, the person at Aetna responsible for the filing of Aetna's claims, testified that Aetna first learned of the setting of the bar date only in late October, 1982, and that he caused the present application to be filed on November 30, 1982. No disclosure statement or plan has been filed in this case, and it appears that none will be filed until the claim against Aetna is resolved.

Pine, in opposing Aetna's application for enlargement of time, claims that since Aetna knew of the Pine bankruptcy petition on the date it was filed, that knowledge required Aetna to inspect this court's files, ascertain the bar date set for the filing of claims, and that Aetna's failure to do so is not excusable neglect. Pine further says that allowing Aetna to file a claim would be detrimental to other creditors since Aetna would "insinuate itself into the only vehicle Pine has to regain viability—a lawsuit against the Aetna and its counsel." Pine Memorandum, dated August 1, 1983, at p. 8.

---

1. Under present Rule 3003(c)(3) Fed.R. Bankr.P., the reference to the date of approval of the disclosure statement has been eliminated, and the rule simply states that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." In both the former and the present rule, only creditors whose claims were not scheduled, or scheduled as disputed, contingent or unliquidated had to file a proof of claim.

### III.

There is clear and convincing authority that where a debtor fails to list a creditor so that the creditor does not receive notice by mail and lacks actual knowledge of the barring event, the court has no discretion to deny an application by such creditor to file a late claim.

The leading case is *New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), a railroad reorganization case. The District Court, pursuant to § 77(c)(7) of the former Bankruptcy Act, ordered creditors by mailed notice to file their claims by a certain date, after which unfiled claims would be denied participation except for "cause shown." *Id.,* 344 U.S. at 294, 73 S.Ct. at 300, 97 L.Ed. at 335. Other than this mailed notice, creditors received notice only by publication. The City of New York which had liens on Railroad property did not receive a copy of the bar order. *Id.* The court entered a final decree providing for transfer of the old Railroad's properties to a newly organized company free of the city's liens. *Id.* The Railroad subsequently prayed for a declaration that the city, by its nonfiling, had forfeited its claims. The District Court agreed and the Court of Appeals affirmed. *Id.,* 344 U.S. at 294–95, 73 S.Ct. at 300, 97 L.Ed. at 335–36. *Inter alia,* the city claimed that in the absence of actual service of notice on the city, the court was without power to forfeit the city's liens because of the city's failure to appear as a claimant. *Id.,* 344 U.S. at 295, 73 S.Ct. at 300, 97 L.Ed. at 336. The Supreme Court agreed. The Court noted § 77(c)(4) required: " 'The judge shall require . . .' proper persons to file in the court a list of all known creditors, the amount and character of their claims and their last known postoffice addresses. This was not done here." *Id.,* 344 U.S. at 296, 73 S.Ct. at 301, 97 L.Ed. at 336. Finally, the Court said:

> Nor can the bar order against New York be sustained because of the city's knowledge that reorganization of the railroad was taking place in the court. The argument is that such knowledge puts a duty on creditors to inquire for themselves about possible court orders limiting the time for filing claims. But even creditors who have knowledge of a reorganization have a right to assume that the statutory "reasonable notice" will be given them before their claims are forever barred. When the judge ordered notice by mail to be given the appearing creditors, New York City acted reasonably in waiting to receive the same treatment.

> The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights.

*Id.,* 344 U.S. at 297, 73 S.Ct. at 301, 97 L.Ed. at 337. *Accord In re Intaco Puerto Rico, Inc.,* 494 F.2d 94 (1st Cir.1974); *In re Harbor Tank Storage Co.,* 385 F.2d 111 (3d Cir.1967).

Although there are cases which deny the filing of claims when it would be inequitable to allow such filing, *see, e.g., In re Keyboards America, Inc.,* 30 B.R. 349 (Bkrtcy.E.D.Va.1983); *Board of County Commissioners of Saline County, Kansas v. Coleman American Properties, Inc. (In re American Properties, Inc.),* 30 B.R. 239 (Bkrtcy.D.Kan.1983); *Matter of E & E L.P. Gas, Inc.,* 26 B.R. 952 (Bkrtcy.N.D.Ind., 1983), the circumstances of the present proceeding clearly call for the granting of Aetna's application. Pine's assertion of possible detriment to the estate in the allowance of the late filing is not persuasive. Nothing of significance has happened in this case since the date of the petition. The date by which Aetna may file its claim is hereby enlarged to include through November 15, 1983. It is

SO ORDERED.