In re The CHARTER COMPANY,
et al., Debtor.

CHARTER INTERNATIONAL OIL
COMPANY, Appellant,

v.

Rosa Irene Sanders ZIEGLER, Charles Lewis Sanders, Jr., Theresa Michelle Sanders, and Tanya Dena Sanders Watson, Appellees.

Bankruptcy Nos. 84–289–BK–J–GP
through 84–332–BK–J–GP and
85–1033–BK–J–GP.
No. 89–2–Civ–J–12.
Adv. No. 87–57.

United States District Court,
M.D. Florida,
Jacksonville Division.

April 10, 1990.

Levin & Weintraub & Crames, New York City, Smith & Hulsey, James H. Post, Mel-

issa P. Webb, Jacksonville, Fla., for appellant.

Umphrey, Swearington, Eddins & Carver, Bob K. Monkes, Beaumont, Tex., for appellees.

## ORDER

MELTON, District Judge.

This cause is before the Court as an appeal from the ruling of the United States Bankruptcy Court for the Middle District of Florida, dated November 18, 1988, which granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. 93 B.R. 281. This Court heard oral argument on July 5, 1989. After deliberation and consideration of the briefs filed in this matter, the record on appeal, and the oral arguments of counsel, the Court finds that the Final Summary Judgment of the Bankruptcy Court should be reversed.

The appeal arises out of the Bankruptcy Court's disposition of cross motions for summary judgment. Appellant Charter International Oil Company ("CIOC") sought a ruling from the Bankruptcy Court that the tort claims based on the alleged wrongful death of Charles Lewis Sanders, Sr., filed by appellees Rosa Irene Sanders Ziegler, Charles Lewis Sanders, Jr., Theresa Michelle Sanders and Tanya Dena Sanders Watson ("Ziegler Claimants") were untimely filed and were discharged. The Ziegler Claimants asserted that their claims should be allowed because CIOC's notice of the bar date for the filing of claims was legally insufficient to bar the claims of these tort claimants and, alternatively, their claims should be allowed because of their excusable neglect in failing to file the claims in a timely manner.

This appeal encompasses the following issues: (1) whether the notice to unknown creditors was sufficient, (2) whether the claims were discharged pursuant to section 1141(d) of the Bankruptcy Code, (3) whether the Ziegler Claimants' failure to file a timely proof of claim was due to excusable neglect, and (4) whether the claims were nondischargeable. Jurisdiction is based on

28 U.S.C. § 158(a) and is proper since the subject of the appeal is a final order of the Bankruptcy Court. Because the order from which CIOC appeals is an order which granted a motion for summary judgment, the Bankruptcy Court's order is subject to a *de novo* review. *Motes v. Myers*, 810 F.2d 1055, 1058 (11th Cir.1987), *reh'g denied*, 837 F.2d 1095 (1988). In such a review, this Court must draw inferences most favorable to the party opposing the motion for summary judgment and determine whether the substantive law was correctly applied.

The chronology of events which led to this appeal assists the Court's inquiry here. On March 2, 1980, Charles Lewis Sanders, Sr., died as a result of acute myelogenous leukemia allegedly caused by exposure to Benzene. The Ziegler Claimants allege that CIOC manufactured, distributed and placed into the stream of commerce the Benzene to which the decedent was allegedly exposed.

On April 20, 1984, CIOC filed a petition seeking reorganization under Chapter 11 of the Bankruptcy Code. On May 23, 1984, CIOC filed its schedules of liabilities and assets in its Chapter 11 case. The Ziegler Claimants were not listed in the schedules as creditors of CIOC because CIOC was unaware of these claims at that time. The Ziegler Claimants admitted, however, that their claims arose prior to the date that CIOC filed its petition.

On August 8, 1984, the Bankruptcy Court entered an order ("Bar Date Order") which (1) established November 19, 1984, as the last day for filing proofs of claims (the "Bar Date"), (2) directed CIOC to provide notice of the Bar Date to known creditors, and (3) directed CIOC to provide notice to unknown creditors by publication. In the order, the Bankruptcy Court stated:

> [T]he notice of the Bar Date (as hereinafter defined) given as required by this court is reasonably calculated, under all the circumstances herein present, to apprise all those entities, whether known or unknown, which may assert claims against Debtors ... of the necessity to

file proofs of claims on or before the Bar Date....

Bar Date Order at 2. The Bar Date Order required notice to unknown creditors by causing "a copy of the Notice to be published in accordance with the publication schedule annexed to the Motion as Exhibit 'B'." *Id.* at 4. Exhibit B required that the Bar Date Notice be published one time in each of the following publications: the *New York Times*, the *Wall Street Journal*, the *Florida Times–Union*, the *Houston Chronicle*, the *St. Louis Post–Dispatch*, and the *Oil Daily*.

It is undisputed that, after the Bankruptcy Court determined in 1984 that such notice was "reasonably calculated, under all the circumstances herein present, to apprise," CIOC abided by said determination and published notice to unknown creditors pursuant to the Bankruptcy Court's order. The Ziegler Claimants were not aware that they had claims against CIOC at the Bar Date and, therefore, did not file a proof of claim prior to the Bar Date. They never filed a proof of claim at any time thereafter. Also, at the Bar Date, CIOC was not aware of the Ziegler Claimants' potential claims.

On August 22, 1986, the Ziegler Claimants filed an amended complaint in a Texas state court and joined CIOC as one of nine co-defendants in a wrongful death action. Prior to the service of the fourth amended complaint in the Texas state court action, CIOC was not aware of the Zieglers' claims. The Bankruptcy Court confirmed CIOC's plan of reorganization on December 18, 1986. CIOC then instituted the instant proceedings on March 18, 1987, to determine the dischargeability of the debts asserted by the Ziegler Claimants and to enjoin further proceedings in the state court.[1]

In the Final Summary Judgment, the Bankruptcy Court draws a distinction between trade creditors and individual tort claimants with regard to the sufficiency requirements for notice of the Bar Date.

The Bankruptcy Court concluded that the notice in this case was insufficient for individual tort claimants. The Bankruptcy Court concluded that the one-time publication of the Bar Date notice in the six publications did not comport with due process.

■ Based on relevant law and the facts of this case, this Court must respectfully disagree with the Bankruptcy Court's conclusion regarding the sufficiency of notice of the Bar Date. Publication notice to unknown creditors, of course, does not violate due process. *See e.g. Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Matter of GAC Corp.*, 681 F.2d 1295 (11th Cir.1982). The type of notice required by the Bankruptcy Court's Bar Date Order is exactly the kind of notice required by the Supreme Court:

> An elementary and fundamental requirement of due process in *any proceeding* which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Mullane*, 339 U.S. at 314, 70 S.Ct. at 657 (emphasis added).

"For creditors who are not 'reasonably ascertainable,' publication notice can suffice." *Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565 (1988). The Supreme Court noted that it "has not hesitated to approve of resort to publication as a customary substitute" when more definite and certain notice is not reasonably possible or practicable. *Mullane*, 339 U.S. at 317, 70 S.Ct. at 658. .

> Thus it has been recognized that in the case of persons missing or unknown employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no con-

---

1. Pursuant to a stipulation modifying the automatic stay of 11 U.S.C. § 362, CIOC agreed to allow the Ziegler Claimants to liquidate their claims in the Texas state court with the under-

standing that CIOC had reserved the right to object to the timeliness of the filing of their claims.

stitutional bar to a final decree foreclosing their rights.

*Id.*

■ The Eleventh Circuit has held that publication notice is legally adequate notice to unknown creditors. *Matter of GAC Corp.*, 681 F.2d at 1300; *see also In re Chicago Pacific Corp.*, 773 F.2d 909 (7th Cir.1985); *In re Computer Devices, Inc.*, 51 B.R. 471 (Bankr.D.Mass.1985). The proper inquiry in evaluating notice is whether a party acted reasonably in selecting means likely to inform persons affected, not whether each person actually received notice. *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir.1988), *cert. denied* — U.S. —, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989). It is not required that a debtor search for those who might have been or might not have been injured. *In re Waterman Steamship Corp.*, 59 B.R. 724, 727 (Bankr.S.D.N.Y.1986). As the Supreme Court stated in *Mullane*, "impracticable and extended searches are not required in the name of due process." 339 U.S. at 317–318, 70 S.Ct. at 658–659.

■ Having reviewed the entire file and applicable case law, this Court finds that the Bankruptcy Court's assessment in 1984 of the publication notice in this case was very accurate: the notice was "reasonably calculated, under all the circumstances, to apprise all those entities, whether known *or unknown*, which may assert claims against the Debtors." Bar Date Order at 2.[2] Based on relevant law and the specific facts and circumstances of this case, this Court does not find any basis to require a more stringent notice requirement for unknown tort claimants than for unknown trade creditors. No authority for such a distinction appears in the record and this Court is aware of no such authority.

■ According to § 1141(d) of the Bankruptcy Code, confirmation of a Chapter 11 plan discharges the debtor from *all* debts which arose before the confirmation date. A discharge operates as an injunction against the commencement or continuation of an action against the debtor. 11 U.S.C. § 524(a)(2). "There is nothing more essential to a bankruptcy case than the preservation of the integrity of the debtor's discharge." *In re Barbour*, 77 B.R. 530, 532 (Bankr.E.D.N.C.1987).

Bankruptcy Rule 3003(c)(2) requires each creditor whose claim is not scheduled to file a timely proof of claim and precludes distribution of any estate assets to those creditors who failed to file a timely proof of claim. Rule 3003(c)(3) states that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy courts are required to strictly enforce the Bar Date. *In re Kay Homes, Inc.*, 57 B.R. 967 (Bankr.S.D.Tex.1986) (the bar date is in "the nature of the statute of limitations and must be strictly enforced."). It is undisputed that the Ziegler Claimants did not file a proof of claim prior to the Bar Date or at anytime thereafter. Therefore, by operation of Bankruptcy Rule 3003(c)(2), the Ziegler Claimants are precluded from participating in any of the distributions made under CIOC's Plan.

The Ziegler Claimants argue that they "have never sought a distribution under the Debtor's plan," and arguably only maintain a claim against certain insurance policy benefits of the Aetna Insurance Company." Appellee's Brief at 12. Appellees appear to claim that insurance proceeds are not part of the debtors' estate. They argue that "[a]ny modification of the Bankruptcy Court's Final Summary Judgment, or allowance of injunctive relief, should be limited to protecting Debtor's nonliability insurance assets, as there is no authority or even argument that the Aetna Insurance Company should benefit from the Debtor's Chapter 11 proceeding." *Id.* at 12–13. Since insurance policies and proceeds are usually considered part of the debtor's estate and Aetna Insurance Company is not a party to the instant appeal, the Court finds that the Ziegler Claimants'

---

**2.** The publication in *Mullane* consisted of a single advertisement in a local newspaper. In the instant case, publication was in national publications and in newspapers of general circulation in areas where CIOC did business and in financial and trade markets.

argument regarding the status of the Aetna Insurance Company policy lacks merit.

Although no timely claims were filed by the Ziegler Claimants, extensions are possible. Extensions of time to file claims "for cause shown" must be based on the "excusable neglect" standard found in Bankruptcy Rule 9006(b). *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985), *cert. denied* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986). This standard requires that the failure to file a timely proof of claim was due to circumstances beyond the creditor's control. *Id.* In *Matter of GAC Corp., supra*, the Eleventh Circuit found "no cause whatsoever" for the extension of the claims bar deadline when unknown claimants received adequate notice of the Bar Date by publication. 681 F.2d at 1301.

The excuse alleged for the Ziegler Claimants' failure to file a claim is their "complete lack of knowledge of their claim against CIOC." Appellee Brief at 12. As CIOC points out in its reply brief, however, ignorance of one's own claim does not constitute excusable neglect. *See Matter of Penn Central Transportation Co.*, 42 B.R. 657, 675 (E.D.Pa.1984) (no exception for claims which were unknown to claimant until after consummation of the Plan), *aff'd* 771 F.2d 762 (3d Cir.), *cert. denied* 474 U.S. 1033, 106 S.Ct. 596, 88 L.Ed.2d 576 (1985); *Hanson v. First Bank of South Dakota, N.A.*, 828 F.2d 1310, 1314–15 (8th Cir.1987) (not excusable neglect if delay was within creditor's control by exercise of diligence).

The record does not support a finding that the Ziegler Claimants' lack of knowledge of a claim against CIOC was not in their control. The Ziegler Claimants have failed to sufficiently demonstrate that their failure to recognize their claim against CIOC until 1986 was due to any circumstance "beyond the reasonable control" of themselves, or their attorneys. The Ziegler Claimants had the burden of proving this issue, *see In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824, 830 (S.D.N.Y.1985), and based on the entire file and relevant law, this Court finds that there is insufficient evidence of excusable neglect.

Based on the foregoing, entire file and relevant law, this Court concludes that notice by publication was sufficient, the claims were dischargeable and were discharged pursuant to § 1141(d) (discharge upon confirmation), and the Ziegler Claimants have failed to demonstrate excusable neglect which might entitle them to file their claims late. Accordingly, it is

ORDERED AND ADJUDGED:

1. That the Final Summary Judgment of the Bankruptcy Court, dated November 18, 1988, is hereby reversed; and

2. That this cause is hereby remanded to the Bankruptcy Court for the entry of a Final Summary Judgment in favor of appellant, Charter International Oil Company, and against appellees, Rosa Irene Sanders Ziegler, Charles Lewis Sanders, Jr., Theresa Michelle Sanders and Tanya Dena Sanders Watson.

DONE AND ORDERED.