**In re EAGLE–PICHER INDUSTRIES, INC., et al., Debtors.**

**Bankruptcy No. 1–91–00100.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 14, 1992.

James A. Ralston, General Counsel, for Eagle–Picher Industries, Inc., et al.

Stephen Karotkin, Weil, Gotshal & Manges, New York City, Edmund J. Adams, Frost & Jacobs, Cincinnati, Ohio, for debtors.

Neal J. Weill, Office of the U.S. Trustee, Cincinnati, Ohio.

Robert S. Balantzow, McCarthy, Lebit, Crystal & Haiman Co. LPA, James McMonagle, Cleveland, Ohio, for Future Claimants Rep.

Carolyn J. Buller, G. Christopher Meyer, Squire, Sanders & Dempsey, Cleveland, Ohio, for Unsecured Creditors' Committee.

Kevin E. Irwin, Keating, Muething & Klekamp, Cincinnati, Ohio, for Injury Claimants' Committee.

Claude D. Montgomery, Milgrim Thomajan & Lee, P.C., New York City, Irving Harris, Harris, Harris & Field, Cincinnati, Ohio, for Equity Sec. Holders' Committee.

William T. Hayden, Cohen, Todd, Kite & Stanford, Cincinnati, Ohio, for Co–Defendants of debtors.

Daniel M. Katlein, Dickinson, Wright, Moon, VanDusen & Freeman, Detroit, Mich., for NBD Bank, N.A.

## DECISION and ORDER ON MOTION TO SET BAR DATE

BURTON PERLMAN, Chief Judge.

Debtors filed a motion in March, 1991, requesting that the court set a bar date by which date proofs of claim for asbestos claimants must be filed in this case. The motion was supported by the Unsecured Creditors' Committee and the Equity Security Holders' Committee. At the request of the Injury Claimants' Committee (hereafter "the Committee"), the matter was continued so that experts employed by debtors and by the Committee could confer, because there was room to believe that an agreement could be reached on matters relevant to the motion. There was general acquiescence that the process envisioned was desirable and it was hoped that the consultations between the experts might resolve any differences between debtors and the Committee on the bar date question. Additionally, there was pending during this period the question of the selection of a representative for future claimants, and it was felt that such a representative, when in place, might desire to have input into resolution of the question of the setting of a bar date. Ultimately, however, settlement of the bar date question proved not possible. Debtors and the Committee were in fundamental opposition, with debtors believing that a bar date should be set, while the Committee held that no bar date should be set.

■ At the outset, it should be made clear to whom a resolution of the present controversy applies. This controversy deals with the rights of present asbestos claimants. In a prior writing, Order Defining Future Claimants, entered November 25, 1991, we defined future claimants for purposes of fixing the constituency of the future claims representative. Future claimants, of course, would not be affected by a bar date, for they are as a class inherently unknown and unknowable. Utilizing the same basis here to define the class of present asbestos claimants, the definition of "claim" to be found at 11 U.S.C. § 101(5), that we did in the said prior Order, we hold that class to be:

> Those persons or entities who have been exposed to asbestos or asbestos containing products, mined, fabricated, supplied or sold by debtors who as of the filing date of these bankruptcy cases, January 7, 1991, had a right to payment from debtors on account of such exposure.

Debtors' motion to set a bar date came on for hearing. At that time, the Committee indicated that it wished to call as a witness its valuation expert. After due consideration, we denied the request because we were satisfied that the proposed testimony was irrelevant to what was before us, and that what was before us was entirely a question of law.[1] The Committee did make a proffer of the testimony after the conclusion of the hearing. We turn then to the arguments of counsel.

■ Initially we deal with the contention of the debtors that they have an absolute right to have a bar date set by which time proofs of claim must be filed. After careful consideration of this question, we have reached the conclusion that while such bar dates are commonly set in Chapter 11 cases, upon good cause shown the court may dispense with one in a given case. In reaching this conclusion, we are not aided by the information communicated by the Committee that in none of the other asbestos cases which are known has a bar date been set, for there is no indication in any of the decisions in those cases that where no bar date was set, that the debtor which was involved desired that there be one. A bar date in a Chapter 11 case is by no

---

1. There is currently set on the docket of this court a hearing on the question of valuation of claims of present asbestos claimants at which time the testimony of this witness will doubtless be appropriate.

means an absolute, as the court may extend the bar date "for cause shown," B.R. 3003(c)(3), a matter left to the sound discretion of the bankruptcy court. *Reid v. White Motor Corp.*, 886 F.2d 1462, 1472 n. 14 (6th Cir.1989), *cert. denied*, 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990).

▮ Apart from their argument that a bar date is mandated by Bankruptcy Rule 3003(c)(3) and is not discretionary, debtors advanced as arguments in favor of the setting of a bar date that (1) it is necessary to establish the universe of present claims; (2) it will be of assistance in weeding out frivolous claims; (3) it will be beneficial to debtors in that it will assure them a discharge with respect to at least a substantial portion of asbestos claims; and (4) it will provide greater certainty for lenders and investors.

The Committee argued against the setting of a bar date, apart from the point that a bar date has not been set in prior asbestos cases, a contention with which we have dealt above, that (1) the setting of a bar date in this case would not serve the purpose that a bar date usually does in a Chapter 11 case, the insuring of finality and fixing the universe of the debtors' liability; (2) the setting of a bar date would lead to many questionable filings as attorneys move to protect themselves from possible charges of malpractice; (3) the setting of a bar date would be inequitable because its only effect would be to exclude deserving claims not filed, or filed out of time by claimants who fail to meet the bar date; (4) notice and publication of a bar date would be very costly, and so would be the processing of proofs of claim stimulated by the setting of a bar date; and (5) the setting of a bar date would lead to extensive litigation on the question of whether the claimant was indeed a present claimant.

B.R. 3003(c)(3) provides as follows:

**(c) Filing Proof of Claim.**

\* \* \* \* \* \*

(3) Time For Filing. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), and (c)(4).

\* \* \* \* \* \*

We consider that this Rule sets up something in the nature of a presumption that a bar date will be set, but, as is the case with a presumption, it may be overcome by a persuasive showing. We reach the conclusion that a bar date for the filing of proofs of claim should be set for present asbestos claimants, for insufficient reason has been shown not to do so.

Only two of the grounds urged by the Committee against the setting of a bar date warrant more than cursory comment. The first of these, that the setting of a bar date will not serve the purpose that a bar date usually does in a Chapter 11 case, of assuring finality and fixing the universe of liability, is not persuasive. There is no question that the setting of a date by which a claim must be filed, the procedure employed in virtually all bankruptcy cases, does help to fix the universe of claimants to be faced by a debtor. While the Committee is perfectly correct that ascertainment of the total number of claimants in and of itself will not yield a value of present asbestos claims, nevertheless it is manifest that fixing the number and identity of such claimants will lend considerable assistance to the process of arriving at a value of the claims of this class. Furthermore, the vital function of a proof of claim/bar date procedure in determining voting rights on a Chapter 11 plan virtually mandates that a bar date be set.

Of most of the remaining objections by the Committee, questionable filings, costliness of notice by publication, litigation to determine if a claimant is within the class, little comment is warranted. They are but concomitants of the bankruptcy process which must be borne. The objectives in bankruptcy of finality and certainty to which a bar date contributes, far outweigh these factors.

We do wish to comment separately on the argument that no bar date should be

set because the setting of one would cause deserving claimants to lose out, and is therefore inequitable. The objectives of finality and fixing the universe of claims permeate the law of bankruptcy, and in achieving those ends, the setting of a bar date is no more unfair, assuming reasonable notice, than is a statute of limitations, a finality concept firmly embedded in our legal system generally. Tort claimants can have their right to pursue their claims foreclosed if they fail to take action before the expiration of a statute of limitations. It is no more unfair to require that they here take action before expiration of the bar date.

■ While we conclude that a bar date is to be set, certain conditions must attend that conclusion. A notice of the bar date must be communicated to present claimants so that they will have a full and fair opportunity to file proofs of claim. This requires not only direct notice to known claimants, but also a program of notice by publication. The notice program provided by debtors must conform with generally accepted due process requirements. The Supreme Court has stated that due process fundamentally includes the right to be heard, which requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their claims." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *See also City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (applying *Mullane* due process requirements to bankruptcy cases); *In re Robintech*, 863 F.2d 393, 396 (5th Cir.1989) (*Mullane* requires that reasonable notice include all pertinent information and sufficient time for claimants to respond); *Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383, 1386 (10th Cir.1987), *cert. dismissed*, 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988) (actual notice must be given to known creditors, while constructive notice sufficient for unknown creditors); *Wright v. Placid Oil Co.*, 107 B.R. 104, 107 (N.D.Tex.1989).

■ At the hearing on the present motion, counsel for debtors stated that a notice program was laid out in Exhibit 3 to their September 26, 1991 memorandum (actually Exhibit 3 to Exhibit I in that memorandum). What is there presented is simply identification of media which are expected to be used. A program with greater specificity is required. Debtors therefore are directed to prepare a specific detailed program of notice by publication, including identification of media, with an explanation for why such media are to be utilized, and why other media are not to be utilized, the frequency of any publication and/or broadcast, and a program based on real lead times for the particular media involved as to when the program is to begin.

The outcome of the forthcoming hearing on valuation (see footnote p. 680 above) may well affect the content of the notice to be employed. We will therefore defer setting a date by which a proposed program is to be submitted by debtors pending the decision which will follow that hearing. We expect that the proposed program will be submitted to the official committees for comment. A bar date will be selected which is reasonable in light of the publication program to be utilized. Debtors will include such a suggested date with their proposal.

So Ordered.