**In re BEST PRODUCTS CO., INC., et al.**

**Bankruptcy Nos. 91B10048 (TLB)—91B10053.**

United States Bankruptcy Court, S.D. New York.

May 15, 1992.

See also 138 B.R. 155.

**356**

Weil, Gotshal & Manges by Kevin Barrett, New York City, for debtors.

Backenroth & Grossman by Mark Frankel, New York City, for movant.

Stroock & Stroock & Lavan by David Botter, New York City, for creditors committee.

## DECISION ON MOTION TO FILE LATE PROOFS OF CLAIM AND TO LIFT THE AUTOMATIC STAY

TINA L. BROZMAN, Bankruptcy Judge.

At issue is whether creditors unknown by the chapter 11 debtor and therefore unscheduled by it are entitled to file late proofs of claim despite the fact that the debtor published notice of the last day to file claims in the national editions of two newspapers and a number of other regional publications, none of which is a local newspaper in the creditors' home state. The creditors here, Thomas and Joan Hutchinson, individually and on behalf of their son Justin, urge that the debtor, Best Products Co., Inc. (Best), should have published in local newspapers in each of the dozens of locations where it did business.

### I.

Best filed its chapter 11 petition in January 1991. Best and its affiliates constitute one of the nation's largest discount retailers. It currently operates 153 catalog showrooms, a nationwide mail-order service and a chain of 15 discount jewelry and giftware stores. In accordance with Federal Rule of Bankruptcy Procedure 3003(c)(2), by order dated August 22, 1991, I established October 31, 1991 as the last date upon which proofs of claim could be filed against Best (the Bar Date). Notice of the Bar Date was mailed to all known creditors and published in the national editions of *The Wall Street Journal* and *The New York Times* as well as in the *The Chicago Sun-Times*, the *Los Angeles Times* and *The Richmond Times-Dispatch.*

In January 1992, the Hutchinsons sued Best and a toy manufacturer in the U.S. District Court for the District of Maryland (Maryland Action) alleging that in January 1989 Justin had sustained loss of hearing and neurological damage due to defects in a toy sold by Best in one of its catalog showrooms. The Hutchinsons, however, never filed a proof of claim with the bankruptcy court. They acknowledge that until their complaint was served, Best had no notice of the existence of their claims. After service of the complaint, Best advised the Hutchinsons that because they had failed to file timely proofs of claim, continued prosecution of the Maryland Action was barred. The Hutchinsons now seek authorization to file late proofs of claim and modification of the automatic stay to allow prosecution of the Maryland Action to judgment. As Best had no knowledge of the Hutchinsons' claims at the time the petition was filed or at the time the order setting the Bar Date was entered, it did not mail the Hutchinsons a notice. The Hutchinsons contend that their failure to file a timely proof of claim is attributable to "excusable neglect" because the debtor's notice by publication was inadequate.

### II.

The claims allowance process is an integral component of the court's equitable power to restructure debtor-creditor relationships. *Langenkamp v. Culp,* — U.S. ——, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990), *reh. denied,* — U.S. ——, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991); *In re Standard Insulations, Inc.,* 138 B.R. 947 (Bankr.W.D.Mo.1992). Indeed, a chief purpose of the bankruptcy laws is to secure a prompt and effectual administration and settlement of the debtor's estate within a limited period. *Katchen v. Landy,* 382 U.S. 323, 328, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966). Under Chapter 11 of the Bankruptcy Code, certain claimants against an estate in bankruptcy must file proofs of claim in order to participate in a reorganization. Fed.R.Bankr.P. 3003(c). In order

to safeguard the finality of the proceedings, Rule 3003(c) provides that "[t]he court shall fix ... the time within which proofs of claim or interest may be filed." The bar order in a chapter 11 case serves the important purpose of enabling the parties in interest to ascertain with reasonable promptness the identity of those making claims against the estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization. *First Fidelity Bank, N.A. v. Hooker Investments, Inc. (In re Hooker Investments, Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991). After the passage of the bar date, the claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a proof of claim. *Certified Class in Charter Securities Litigation v. Charter Co. (In re Charter Co.)*, 876 F.2d 866 (11th Cir.1989). The bar order then is not a mere procedural gauntlet, but an integral step in the reorganization process. *Hooker*, 937 F.2d at 840. A personal injury claimant is given no special dispensation. The claimant must comply with the Code, the Federal Rules of Bankruptcy Procedure, and court orders for claims handling procedures before there is a valid bankruptcy claim ripe for liquidation by the district court or the court where such claim arose. *In re Standard Insulations, supra* 138 B.R. at 955; *see also Charter International Oil Co. v. Ziegler (In re Charter Co.)*, 113 B.R. 725 (M.D.Fla.1990) (no basis to require more stringent notice requirement for unknown tort claimants than for unknown trade creditors).

■ The law respecting notice of the bar date to which a creditor is entitled differs in a Chapter 11 case like this one from a Chapter 7 case. That is so because the bar date in a Chapter 7 case is fixed by the Federal Rules of Bankruptcy Procedure; anyone with knowledge of the case can ascertain the date fixed for the meeting of creditors under 11 U.S.C. § 341 and then calculate the bar date. Thus, in a chapter 7 case, a creditor who is not scheduled and therefore does not receive notice but nonetheless had actual knowledge of the case in time to file a timely proof of claim will have his claim subordinated to timely filed claims of other creditors. 11 U.S.C. § 726(a)(2)(C). *See Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428, 1430–31 (9th Cir.1990); *cf. Lompa v. Price (In re Price)*, 871 F.2d 97 (9th Cir.1989).

■ In a corporate chapter 11 case, on the other hand, more is required. *See In re Pine Associates, Inc.*, 35 B.R. 49, 51 (Bankr.D.Conn.1983). The requirements of due process set forth in *New York v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) a railroad reorganization case under the former bankruptcy act, retain their vitality; a known creditor must receive proper, adequate notice before its claim is barred forever. *See also Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)*, 863 F.2d 832, 834 (11th Cir.1989).

In *New York,* the Court distinguished between known and unknown creditors, stating that necessity may require resorting to notice by publication where the names, interests and addresses of persons are unknown. *New York*, 344 U.S. at 296, 73 S.Ct. at 301 (citing *Standard Oil Co. v. New Jersey*, 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1953)); *see also Tulsa Professional Collection Services Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (for creditors who are not 'reasonably ascertainable' publication notice can suffice); *Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383, 1386 (10th Cir.1987).

Even before it was faced with the question of proper notice in a railroad reorganization case, the Supreme Court grappled with the demands of due process, recognizing that "in the case of persons missing or unknown, employment of an indirect and even probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317, 70 S.Ct. 652, 658, 94 L.Ed. 865 (1950).

■ The proper inquiry in evaluating notice is whether the party giving notice acted reasonably in selecting means likely

to inform persons affected, not whether each person actually received notice. *Weigner v. New York*, 852 F.2d 646, 649 (2d Cir.1988), *cert. denied*, 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989). Whereas a debtor must review its own books and records to ascertain the identity of creditors, a debtor is not required to search elsewhere for those who might have been injured. *In re Waterman Steamship Corp.*, 59 B.R. 724, 727 (Bankr.S.D.N.Y. 1986).

When notice by mail is possible, it is surely preferable to notice by publication. However, Best had no knowledge of the Hutchinsons' claims and could not have been expected to provide actual notice to them. Instead, Best published notice of the Bar Date in the national editions of *The Wall Street Journal* and *The New York Times*, as well as in the three somewhat more local papers mentioned earlier.

The Hutchinsons argue that since they do not read any of these newspapers, and since no notice was published in a newspaper in the Lanham, Maryland, area nor any newspaper of general circulation in Maryland, the notice was not "meaningful" to them. It is impracticable however, to expect a debtor to publish notice in every newspaper a possible unknown creditor may read. As the Supreme Court stated in *Mullane*, "impracticable and extended searches are not required in the name of due process." 339 U.S. at 317–18, 70 S.Ct. at 658–59. *See also Wright v. Placid Oil Co.*, 107 B.R. 104 (N.D.Tex.1989) (publication in *The Wall Street Journal* of notice of order setting bar date was sufficient notice to unknown creditor injured at debtor's location in Louisiana); *In re Charter Co.*, 113 B.R. at 727 (reversing bankruptcy court's decision that debtor had to publish in newspapers to which unknown tort claimants were likely to subscribe and finding, instead, that notice by publication in national and local newspapers was sufficient to satisfy due process rights not only of unknown trade creditors, but of unknown persons with tort claims); *In re Chicago Pacific Corp.*, 773 F.2d 909 (7th Cir.1985) (notice published once in *The*

*Wall Street Journal* was sufficient constructive notice); *In re Brooks Fashion Stores, Inc.*, 124 B.R. 436 (Bankr.S.D.N.Y. 1991).

The notice suggested by the Hutchinsons, publication in each of the dozens of locations where Best did business, is onerous, cumbersome and unduly expensive. As explained by the Fourth Circuit:

> In bankruptcy, the court has an obligation not only to potential claimants, but also to existing claimants and the petitioner's stockholders. The Court must balance the needs of notification of potential claimants with the interests of existing creditors and claimants. A bankrupt estate's resources are always limited and the bankruptcy court must use discretion in balancing these interests when deciding how much to spend on notification.

*Vancouver Women's Health Collective Soc. v. A.H. Robins Co.*, 820 F.2d 1359, 1364 (4th Cir.1987).

Publication of the Bar Date notice was reasonably calculated to apprise unknown creditors of the necessity to file proofs of claim before the October 31 deadline and was therefore sufficient notice under the rules since the Hutchinsons were unknown creditors at the time of the filing of the bankruptcy petition and at the time the order setting the bar date was entered. *Wright v. Placid Oil Co. (In re Placid Oil Co.)*, 107 B.R. at 106 *citing New York*, 344 U.S. at 296, 73 S.Ct. at 301; *see also In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824, 831 (S.D.N.Y.1985); *In re GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir.1982); *In re Weis Secur., Inc.*, 411 F.Supp. 194, 195 (S.D.N.Y. 1975).

### III.

In setting a bar date, the court prescribes statute of limitations which has been characterized as a prohibition and been viewed as peremptory. *In re W.T. Grant Co.*, 53 B.R. 417, 420 (Bankr. S.D.N.Y.1985) (citing cases). Except when a known creditor is not listed on the schedules and hence fails to receive notice of the filing deadline, the bar date is strictly en-

forced. *Wright v. Placid Oil Co.*, 107 B.R. at 106; *In re Pine Associates, Inc.*, 35 B.R. at 51. Because the Hutchinsons were unknown creditors and notice by publication was adequate, they must show that their failure to file a timely proof of claim was due to excusable neglect. *See,* Fed. R.Bankr.P. 9006(b); *In re Analytical Systems, Inc.*, 933 F.2d 939, 942 (11th Cir. 1991); *In re Vertientes, Ltd.*, 845 F.2d 57, 60 (3d Cir.1988); *Maressa v. A.H. Robins Co.*, 839 F.2d 220, 221 (4th Cir.), *cert. denied*, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 53 (1988); *In re South Atlantic Fin. Corp.*, 767 F.2d 814, 817 (11th Cir. 1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986); *In re O.P.M. Leasing Services, Inc.*, 48 B.R. at 830. The bankruptcy court cannot rely on general equitable principles to extend the deadline. *In re Standard Insulations, supra,* 138 B.R. at 956. Excusable neglect is present when a party fails to meet an obligation due to unique or extraordinary circumstances which are beyond the reasonable control of the delinquent party. *In re O.P.M. Leasing Services, Inc.*, 48 B.R. at 830. Three factors are considered in determining whether there is excusable neglect warranting relief: (i) the adequacy of the notice provided, (ii) the source of the delay and the sophistication of the creditor, and (iii) the prejudice, if any, that will inure to the debtor should the failure to act be overlooked. *In re Drexel Burnham Lambert Group Inc.*, 1992 WL 53742 (Bankr. S.D.N.Y.1992); *In re Chateaugay Corp.*, 104 B.R. 617 (Bankr.S.D.N.Y.1989); *In re O.P.M. Leasing Services, Inc.*, 48 B.R. at 831.

 The Hutchinsons have failed to meet their burden of demonstrating the "unique or extraordinary circumstances beyond their control" that justify the extension of time to file a claim. As explained above, the notice by publication in this case is consistent with the requirements of due process and is therefore adequate. There is "no cause whatsoever" for the extension of the claims bar deadline when unknown claimants received adequate notice of the bar date by publication. *In re Charter*

*Co.*, 113 B.R. at 729, *citing, In re GAC Corp.*, 681 F.2d at 1301.

A finding to the contrary would, in effect, allow any creditor who has neglected to comply with a bar date to seek an extension on the grounds of excusable neglect because it did not read the notice. Hence, notice of a bar date by publication would be rendered a useless means of establishing a date by which all claims must be filed or forever barred.

 Additionally, the Hutchinsons' claims arose three years prior to any assertion of claims against Best and thirty-four months prior to the Bar Date. Although I may empathize with the Hutchinsons' plight, I can not overlook the fact that they themselves were the source of the delay in asserting their rights. Even ignorance of one's own claim does not constitute excusable neglect. *In re Charter Oil Co.*, 113 B.R. at 729, *citing Matter of Penn Central Transportation Co.*, 42 B.R. 657, 675 (E.D.Pa.1984) (no exception for claims which were unknown to claimant until after consummation of the plan), *aff'd* 771 F.2d 762 (3d Cir.) *cert. denied* 474 U.S. 1033, 106 S.Ct. 596, 88 L.Ed.2d 576 (1985); *Hanson v. First Bank of South Dakota, N.A.*, 828 F.2d 1310, 1314–15 (8th Cir.1987) (not excusable neglect if delay was within creditor's control by exercise of diligence). But here, the Hutchinsons were not ignorant of their claims. They simply gave Best no notice of them for three years.

Contrary to the Hutchinsons' assertion, permitting late filing of their proof of claim and continued prosecution of the Maryland Action would prejudice the debtor's estate and its creditors. Although Best maintains insurance policies that cover personal injury claims, it is effectively self-insured to the extent that it retains financial responsibility with respect to each covered claim up to $500,000 per claim plus the costs of administering the claim, including litigation. Permitting the Hutchinsons to pursue and prosecute the Maryland Action which Best must bear the costs of defending will impact the assets available to Best's other creditors. In short, it is generally improvident to grant permission to

file late proofs of claim, *In re O.P.M. Leasing*, 48 B.R. at 831, and this case is no exception to that general rule.

In order to efficiently administer a Chapter 11 reorganization case, a bar date within which creditors must file their claims is essential. Prior to the proposal of any meaningful plan of reorganization, the debtor needs to be apprised of the total amount and types of claims with which the plan must deal. To allow creditors to assert claims against a debtor without regard to the establishment of a bar date would vitiate the very purpose of it. Permitting this late filing would create a dangerous precedent for other creditors who have sat on their rights without any other reasonable justification. Although persons with legitimate claims may be precluded from sharing in estate assets, strict enforcement of the bankruptcy bar date is no more unfair than application of a statute of limitations to foreclose a tort claim. *In re Eagle-Picher Indus., Inc.*, 137 B.R. 679 (Bankr.S.D.Ohio 1992).

The motion to file a late proof of claim and to modify the stay is denied. SETTLE ORDER consistent with this decision.