Gershengorn, J.
Plaintiff William Noble moves this court to strike the suggestion of bankruptcy of defendant Maillet, on the grounds that Maillet did not list plaintiff as a creditor in his bankruptcy filings. Maillet opposes plaintiffs motion, contending that, since plaintiff knew of his claim but failed to make the claim known to Maillet, the debt has been discharged. Mail-let further asserts that plaintiffs claims are time-barred. For the reasons stated below, plaintiffs motion is denied.
BACKGROUND
This controversy arises out of defendant Alderice Maillet’s execution of a quitclaim deed for two condominium units to grantees, James Kittendaugh and Lynne Cavanaugh, in October 1988. Since November 1991, plaintiff William Noble, Jr. has been the assignee and successor of the Auburndale Cooperative Bank, which is the mortgagee, successor and legal title holder of the two condominium units.[2] Plaintiff alleges that Maillet fraudulently concealed, at the time of the deed execution, the existence of a nondischarged, nondisclosed second mortgage to the United States Trust Company upon the two condominium units.
Both individually and as Trustee of AM Realty Trust, Maillet filed for bankruptcy on November 22, 1989. Maillet filed his plan of liquidation in 1991. The bankruptcy case remained open through July 29, 1993.[3] The bankruptcy records disclose Maillet’s execution of the quitclaim deed for the two condominium units. Maillet failed to list in the bankruptcy proceeding records the plaintiff, the Auburndale Co-operative Bank, or the condominium unit grantees as creditors. Maillet claims that he did not list these creditors because he did not know about them or their claims until July 1990. In July 1990, an attorney for the United States Trust Company informed plaintiff, by way of a letter, of the second mortgage.
On October 19, 1994, plaintiff filed a verified complaint, alleging that the defendants’ conduct constituted fraudulent concealment (Count I) and a violation of G.L.c. 93A, §11 (Count II).
On November 18, 1994, Maillet filed a suggestion of bankruptcy in this matter. On May 7, 1996, plaintiff moved to strike the suggestion of bankruptcy, on the grounds that plaintiff received no notice of the bankruptcy proceedings, and therefore was unable to protect his interests in the bankrupt estate. Maillet opposes the motion, arguing that his failure to include plaintiff as a creditor in the bankruptcy proceeding was a result of plaintiffs lack of diligence, as plaintiff knew of his claim by July 1990, but failed to make it known to Maillet. Maillet further argues that plaintiffs claims are barred by the applicable statutes of limitation.
DISCUSSION
Section 521(1) of the Bankruptcy Code, 11 USCA §521(1) requires a debtor to
file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor’s financial affairs.
“Although a debtor is obligated to ascertain reasonably the identity of its creditors by reviewing its own books and records, ‘a debtor is not required to search elsewhere for those who might have been injured.’ ’’ In re Texaco, Inc., 182 B.R. 937, 955 (Bkrtcy. S.D.N.Y. 1995), quoting In re Best Products Co., 140 B.R. 353, 358 (Bkrtcy. S.D.N.Y. 1992).
While a debtor’s obligation to list all creditors is clear, his or her omission of a creditor’s claim from a schedule does not prevent discharge if the creditor has notice or actual knowledge of the bankruptcy case in time to permit timely filing of proof of the claim. 11 USCA §523(a)(3)(A);[4] In re Peacock, 139 B.R. 421, 423 (Bkrtcy. E.D. Mich. 1992).
In the instant case, although plaintiff had actual knowledge of his claim by July 1990, Maillet has not demonstrated that plaintiff knew of the bankruptcy proceedings in time to permit timely filing of proof of the claim. Accordingly, Maillet cannot avail himself of 11 U.S.C.A. §523(a)(3)(A) in support of his argument that his debts are discharged.
Nonetheless, it is plain that plaintiffs claims against Maillet are time-barred. The three-year statute of limitations applicable to torts, G.L.c. 260, §2A, applies to both plaintiffs claim of fraudulent concealment and violation of G.L.c. 93A, §11. Plaintiff learned of his claim against Maillet in July 1990, yet did not file this action until well over four years later. Accordingly, plaintiffs claims against Maillet must be dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion to strike the suggestion of bankruptcy be DENIED. It is further ORDERED that plaintiffs claims against the defendant Maillet individ *23 ually and as Trustee of AM Realty Trust be DISMISSED.

 In November 1991, Auburndale Co-operative Bank assigned its causes of action against Maillet and Cournoyer to plaintiff.

 Case No. 89-1361HAL.

 Section 523(a)(3)(A) reads in pertinent part: A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . . neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt owed, in time to permit ... if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the cause in time for such timely filing.