**In re SPIEGEL, INC. et al.**

No. 03–11540.

United States Bankruptcy Court,
S.D. New York.

Jan. 12, 2006.

---

James L. Garrity, Jr., Andrew V. Tenzer, Shearman & Sterling, LLP, Timothy W. Walsh, DLA Piper Rudnick Gray Cary US LLP, Alan Jay Lipkin, Willkie Farr & Gallagher LLP, Maria A. Bove, William P. Weintraub, Pachulski, Stang, Ziehl, Young & Jones, David Liebov, Sullivan & Cromwell, New York, NY, for Spiegel, Inc.

### EXTRACT OF BENCH RULING DISALLOWING AMENDED CLAIMS

BURTON R. LIFLAND, Bankruptcy Judge.

Before the Court is the Thirty–Eighth Omnibus Objection to Certain Landlord Claims with respect to certain claims filed by Fairlane Town Center LLC ("Fairlane") against Spiegel, Inc. and certain of its direct and indirect subsidiaries (the "Debtors"). The Spiegel Creditor Trust (the "Creditor Trust" or the "Trust"), has taken over the prosecution of the Debtors' objections to claims.

**Background**

On March 17, 2003, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"). On July 15, 2003, this Court entered an Order Pursuant to Bankruptcy Rule 3003(c)(3) Setting an October 1, 2003 Deadline for Filing Proofs of Claim, and Approving Form and Manner of Notice Thereof(the "Bar Date Order"). The Bar Date Order established October 1, 2003 at 4:00 p.m. as the "Bar Date" for the filing of all proofs of claim subject to certain exceptions. These exceptions included claims arising from the rejection of executory contracts and real property leases. With respect to those claims the Bar Date Order instructed that rejection damages claims must be filed

on or before the later of *(i) the thirtieth day after the effective date of rejection of such executory contract or unexpired lease as set forth in the Bankruptcy Court order approving such rejection, (ii) the thirtieth day after the date of the entry of an order by the Bankruptcy Court approving the rejection of such executory contract or unexpired lease,* or (iii) the Bar Date.

Bar Date Order at pgs. 2–3, ECF # 581 (emphasis added).

On or about September 30, 2003, prior to the Bar Date, Fairlane filed proof of claim number 2808 for $18,376.55 (the "Original Claim"). The Original Claim was an unsecured claim relating to unpaid pre-petition amounts due and owing pursuant to the Fairlane Town Center lease agreement between the parties. The Original Claim included language stating that: "In the event the debtor rejects the lease, the Claimant will file an amended unsecured claim including its claim for damages arising from the rejection." *See* Original Claim ¶ 4. As I explained on the record at the hearing, in paragraph 11 of the proof of claim, a separate reservation of right to amend the Original Claim gave Fairlane the right to amend the Original Claim for prepetition rent if it determined more or less rent was due but that is not the relief requested herein.

On January 7, 2004, the Court entered an order regarding the liquidation of certain stores and the related procedures to reject certain leases (the "Lease Rejection Order"). The Lease Rejection Order provided, among other things, that the Debtors were authorized "to reject the leases for the Stores immediately upon seven days' written notice to (i) the affected landlords...". *See* Lease Rejection Order at 7.

On January 22, 2004, written notice was provided to Fairlane regarding the rejection of the Fairlane Town Center lease effective February 1, 2004. Fairlane subsequently acknowledged that the lease was rejected by the Debtors on or about February 1, 2004.

On or about May 25, 2005, this Court entered an order confirming the Debtors' Plan, as amended. The Plan set forth, among other things, the process by which Allowed Claims would be paid by the Debtors and the process by which a reserve would be established for Disputed or Unresolved Claims with the Creditor Trust. *See* Plan Article IX. Additionally, the Plan, among other things, provided for a release and discharge of all claims that were not administered pursuant to the terms of the Plan. Article XIII of the Plan

On May 25, 2005, the same day the Court entered the order confirming the Debtors' Plan, Fairlane filed claim number 4343 for $241,163.05 (the "Claim 4343"). Claim 4343 asserted that the underlying liability consists of: "(1) the debtor's failure to pay and perform its obligations under the Lease prior to March 17, 2003, the date on which the debtor filed its petition under Chapter 11 of the Bankruptcy Code, and (2) the debtor's rejection of the lease dated February 4, 1988, by and between the claimant, as landlord, and the debtor, as tenant, on or about February 1, 2004." Fairlane also filed claim number 4342 for $2,327.07 ("Claim 4342" and together with the Claim 4343, the "Amended Claims".) Simply put, the Amended Claims are claims for damages for the rejection of the Fairlane Town Center lease.

On June 21, 2005 (the "Effective Date"), pursuant to its terms, the Plan became effective. Soon after the Effective Date, pursuant to the terms of the Plan for general unsecured creditors, cash and Ed-

die Bauer Holdings, Inc. stock were distributed to Fairlane for its Original Claim. Specifically, Fairlane was sent a check for $8,601.93 three days after the Effective Date. That check was subsequently cashed. In addition, 434 shares of Eddie Bauer Holdings, Inc. stock were sent to Fairlane nine days after the Effective Date. The shares were never returned as undeliverable.

The Debtors objected to the Amended Claims because they were filed after the Bar Date. Fairlane argues that the Amended Claims should be allowed, because as amended claims, they relate back to the date the original claims were filed.

## DISCUSSION

■ The bar order in a chapter 11 case serves the important purpose of enabling the parties in interest to ascertain with reasonable promptness the identity of those making claims against the estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization. *In re Best Products Co., Inc.* 140 B.R. 353, 357 (Bankr. S.D.N.Y.,1992) *citing First Fidelity Bank, N.A. v. Hooker Investments, Inc. (In re Hooker Investments, Inc.)*, 937 F.2d 833, 840 (2d Cir.1991). After the passage of the bar date, the claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a proof of claim. *Certified Class in Charter Securities Litigation v. Charter Co. (In re Charter Co.)*, 876 F.2d 866 (11th Cir.1989). The bar order then is not a mere procedural gauntlet, but an integral step in the reorganization process. *In re Best Products Co., Inc.* 140 B.R. at 357.

■ The Second Circuit recently addressed the issue of allowance of late and amended proofs of claim. *See Midland Cogeneration Venture Ltd. Partnership v. Enron Corp. (In re Enron Corp.)*, 419 F.3d

115, 133 (2d Cir.2005). In *Enron*, the Court noted that in considering amendments to claims courts engage in a two step inquiry. *Id.* at 133. First, the court must examine whether there was a timely assertion of a similar claim or demand evidencing an intention to hold the estate liable. An amendment will meet this threshold if it 1) corrects a defect of form in the original claim; 2) describes the original claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim. Second, if an amendment does, in fact, "relate back" to the timely filed claim, the courts should examine each fact within the case and determine whether it would be equitable to allow the amendment. *Id.*

Multiple factors play a role in this analysis, including whether the debtor, or other creditors, would be unduly prejudiced by the amendment, or whether, instead, other creditors would receive a windfall from the disallowance of the amendment, and whether the late claimant acted in good faith and the delay was justified. Of these, however, the critical consideration is whether the opposing party will be unduly prejudiced by the amendment. *Id.*

Here, the Original Claim for $18,376.55 was for prepetition lease obligations. As instructed by this Court in the Bar Date Order, it was filed timely. The Amended Claims are for rejection damages, a statutory-based claim based on sections 365 and 502 of the Bankruptcy Code. The Amended Claims do not correct a defect of form in the original claim; they do not describe the original claim with greater particularity; nor do they plead a new theory of recovery on the facts set forth in the original claim. *See In re Integrated Resources, Inc. v. Ameritrust Company National Association (In re Integrated Resources, Inc.)*, 157 B.R. 66

(S.D.N.Y.1993) ("to be within the scope of a permissible amendment, the second claim should not only be of the same nature as the first but also reasonably within the amount to which the first amount provided.")

Moreover, the Amended Claims asserted new liabilities against the Debtor at a time when a plan had already been negotiated based, in part, upon the timely filed claims. To allow claims filed by parties at the late date of confirmation would wreak havoc with the entire Plan negotiation process. In addition, since Confirmation, initial distributions to creditors, including Fairlane, have been made. The Creditor Trust is attempting to resolve the remaining disputed claims and holds in its reserve funds allocable only to those claims. No funds were reserved for the Amended Claims or any other unexpected claims that were filed long after the Bar Date on or after the confirmation hearing date. Allowing the Amended Claims could also adversely affect the estate by opening the floodgates to similar claims in a case where over 4,300 claims have been filed.

Fairlane's argument that it waited a year to file the Amended Claims to determine its damages is ludicrous and also in violation of this Court's Bar Date Orders. Fairlane and all other parties to rejected executory contracts were instructed to file their claims within thirty days of rejection or "be forever barred, estopped and permanently enjoined" from asserting such claims against the Debtors. *See* Bar Date Order at p. 4. Had Fairlane filed a timely rejection claim pursuant to this Court's Bar Order and then sought to amend **that** claim after its damages were finally determined, its argument might be of merit. However, it did not. Moreover, simply adding language to the Original Claim reserving the right to file an amendment does not allow a party to circumvent this

Court's orders. For all of the reasons set forth above, the Objection is sustained and the Amended Claims are disallowed.

IT IS SO ORDERED.