**In the Matter of CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, Debtor,**

**Adversary Proceeding: Phyllis Young and Ivan Young.**

**No. 77 P 8999.**

United States District Court, N.D. Illinois, E.D.

Feb. 16, 1990.

Daniel R. Murray, Jenner & Block, Chicago, Ill.

Edward G. Gower, Keck, Mahin & Cate, Chicago, Ill.

Charles Stark, I.C.C., Washington, D.C.

William G. Mahoney, John O'B. Clark, Highsaw & Mahoney, P.C., Washington, D.C.

Sp. Master Milton H. Gray, Altheimer & Gray, Chicago, Ill.

Terry F. Moritz, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, Ill.

Marvin F. Metge, Gorham, Metge, Bowman & Hourigan, Chicago, Ill.

Stephen C. Bruner, Philip L. Harris, Kyle L. Harvey, Winston & Strawn, Chicago, Ill.

Carlton G. Salmons, Austin & Gaudineer, Des Moines, Iowa.

Patrick J. McPartland, Asst. Vice President and Sr. Gen. Counsel, Minneapolis, Minn.

Peter J. Kilchenmann, Lynn A. Goldstein, Chicago, Ill.

J.S. Thiel, Dept. of Transp., Madison, Wis.

MEMORANDUM ORDER No. 994

ASPEN, District Judge:

CMC Real Estate Corporation ("CMC") has petitioned this Court to enjoin a third party action brought by Phyllis and Ivan Young against Chicago, Milwaukee, St. Paul & Pacific Railroad Company ("Milwaukee Road"). CMC is the entity that assumed all of Milwaukee Road's liabilities after the railroad's reorganization under 11 U.S.C. § 205 (1976). The Youngs brought their action December 11, 1987, in the Montana District Court, Sixteenth Judicial District, Custer County, Montana. CMC then removed the case to a Montana federal court where it is currently pending. The Youngs' action alleges a derivative claim for loss of consortium arising out of an automobile accident on December 13, 1984, in which their 19–year old son was seriously injured while he was a passenger in a vehicle that veered off a railroad trestle owned and controlled by Chicago Milwaukee. CMC contends that the action is foreclosed by the Consummation Order (Order No. 866) because the Youngs failed to file proof of their claim with the Reorganization Court prior to the applicable bar date of September 10, 1985 (Order No. 832). For the following reasons we grant CMC's petition.

The Youngs do not contest that theirs is a post-petition claim, arising during the course of reorganization, and subject to both the bar date and the Consummation Order. Nor do they deny that their claim is untimely. The Youngs' request for leave to file a late claim in this Court was received on January 17, 1989, fully four years after their cause of action may be deemed to have arisen (December 13, 1984), and over three years after the final Consummation Order had been entered (November 25, 1985).[1] They argue that such leave should be granted and relief from the Consummation Order is warranted for two reasons. First, they claim they were entitled to, yet never received, personal notification of the reorganization proceedings. Second, and alternatively, they argue that publication notice in the *Wall Street Journal* regarding the bar date was constitutionally insufficient as to them because, due to their poor education, they had never even heard of the *Wall Street Journal,* and because they were so involved with their son's injuries they did not seek legal advice until advised to do so by their son's attorney, Brad Finn, shortly before the three-years statute of limitations on their action had expired. In reply, CMC has argued that the Youngs effectively are only seeking relief from the Consummation Order and, therefore, their claim must be evaluated under and barred by the requirements of Fed.R.Civ.Proc. 60(b). In the alternative, CMC contends that the Youngs have failed to satisfy the equitable requirements for filing a late claim.

I.

We shall first consider CMC's argument that Rule 60(b) governs our resolution of the Youngs' claim.[2] The crux of CMC's argument is that even if we granted leave for the Youngs to file a late claim, that action is tantamount to granting relief from the Consummation Order, since in order for the Youngs to recover on the late claim, the Consummation Order's bar would have to be lifted. According to a recent decision of the Seventh Circuit, "[r]elief from a final order in bankruptcy may be pursued solely through a motion under Fed.R.Civ.Proc. 60(b), applicable to bankruptcy proceedings through Bankruptcy Rule 8–703(a)(5) (1976)." *In re Milwaukee Road (Appeal of CMC to Claim of Ralph G. Kelly),* 878 F.2d 182, 184 (7th Cir.1989). Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his

---

1. The Youngs sought leave to file a late proof of claim with this court in their response to CMC's motion to enjoin the Youngs from pursuing their lawsuit in Montana.

2. The equitable requirements for filing a late claim and the requirements for relief from judgment under Rule 60(b), though overlapping at points, appear sufficiently distinct to warrant a determination as to which mechanism should apply.

legal representative from a final judgment, order, or proceeding for the following reasons: ... (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

The Youngs have not filed a Rule 60(b) motion seeking relief from the Consummation Order.

In our view, however, the Youngs were never "parties" to the reorganization such that Rule 60(b) would apply as it did in *Kelly*. In *Kelly*, CMC sought to enjoin a personal injury suit brought against it by an individual under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Prior to the bar date, the plaintiff had agreed to settle his claim with Milwaukee Road and therefore never filed a claim in the bankruptcy court. The plaintiff brought the later action and argued that he should be relieved from the Consummation Order on the ground that Milwaukee Road had procured the settlement agreement by fraud. The plaintiff, however, was a known claimant who had both actual and constructive notice of his right to participate by filing a claim and who had actually participated in the reorganization to the extent that he settled his claim.[3] His suit was therefore enjoined because the one-year filing period had expired for a motion for relief based upon fraud under Rule 60(b).

The circumstances here are different than those presented in *Kelly*. Unlike the creditor in *Kelly*, the Youngs were not aware of the bankruptcy, and the Trustee did not know about the Youngs. Therefore, the Youngs never participated or even joined in the proceedings. At most, the Youngs were potential creditors. We do not believe that potential, and particularly, unknown creditors of a bankrupt should be deemed "parties" to a bankruptcy proceeding such that they are subject to the requisites of Rule 60. *Cf. In re Chicago, Rock Island & Pacific R. Co. (Appeal of Dyche)*, 788 F.2d 1280, 1282 (7th Cir.1986) (holding for purposes of Rule 17(c) that an unrepresented minor, whose mother had received notice of the bar dates but failed to file a claim, was never a party to the organization but only a potential litigant). Accordingly, we find that the Youngs invoked the proper mechanism for resolution of this matter by seeking leave to file a late claim and calling upon our equitable powers for relief from the Consummation Order.

## II.

A bankruptcy court clearly has the equitable power to grant an unknown claimant's application to file a late claim. *See also Dyche*, 788 F.2d at 1283. On application, a bankruptcy court in a railroad reorganization "may permit the filing of a claim after the time for filing [by court order] if the failure to file was the result of excusable neglect." Bankr.R. 8–401(b)(3)(C) (1977). Section 77(c)(7) of the Bankruptcy Act, in force at the time relevant to this case, requires all claims to be filed on or before the applicable bar date, "except on order for cause shown." 11 U.S.C. § 205(c)(7) (1976). We find that the Youngs have failed to provide a sufficient excuse under these standards to permit the late filing of their claim in this Reorganization Court.

The Youngs were not entitled to personal notice as they have claimed. This Court ordered Milwaukee Road to mail notices of the bar date to all parties whom the trustee reasonably believed to have a claim against the company. Only known claim-

---

**3.** Similarly, and more obviously, in the two cases cited by the court in *Kelly* for the proposition that Rule 60(b) governs suits seeking relief from orders, the individuals bringing suit were clearly parties to the prior order. In *In re Whitney Forbes, Inc.*, 770 F.2d 692 (7th Cir. 1985), a former trustee of the bankrupt estate had instituted a proceeding to vacate a bankruptcy court order confirming the sale of a patent to the president of the bankrupt. And in *In re Chung King, Inc.*, 753 F.2d 547 (7th Cir. 1985), a successful bidder on the debtor's property had instituted a suit to set aside a bankruptcy court order that had vacated an earlier order which had confirmed the sale of the debtor's property to the bidder.

ants are entitled to personal notice, by mail, of bar date orders. The Youngs contend that they were known claimants by virtue of the Trustee's knowledge of an independent claim that their injured son intended to bring against Milwaukee Road. Shortly after the accident in 1984, the Youngs' son retained an attorney, who promptly contacted Milwaukee Road by letter about the son's injury. The Youngs claim that, based on the letter, the Trustee "certainly" should have known of the seriousness of their son's injuries and that, "obviously," derivative claims would be brought by the parents. Yet, the Youngs were not represented by their son's attorney, and there is nothing about the letter that would suggest that any derivative claims would be forthcoming, or that the Youngs even existed. Further, CMC had no other reason to believe that the Youngs had a claim to assert. The son was not an employee of the railroad, and the railroad had no knowledge of his family. The Youngs have cited no authority that requires a trustee to go beyond the claims about which he has notice, to investigate the extent to which there might be derivative claims, and to then identify and locate those individuals or entities in order to give them personal notice of the reorganization and bar dates. Particularly since the son was an adult claimant at the time of the accident, we see no reason justifying the imposition of such an obligation.

 Since we have determined that the Youngs were not claimants known to the Trustee, the Milwaukee Road, or CMC Real Estate Corporation, the Youngs were entitled only to publication notice. And as this Reorganization Court has pointed out on many occasions, the publication notice in the *Wall Street Journal* regarding the applicable bar dates was adequate under bankruptcy law and sufficient under the Due Process Clause of the United States Constitution. *See, e.g., In re Chicago Milwaukee (Claim of Milasuski)*, No. 77 B. 8999, Memorandum Order No. 970 (N.D.Ill. August 17, 1988). Therefore, the Youngs' claim is barred by operation of the Consummation Order's injunction.

Order

Accordingly, Phyllis M. and Ivan D. Young are enjoined from prosecuting their claim against CMC which is now pending as CV 88–295–BLG, in the United States District Court for the District of Montana, Billings Division. The Youngs are ordered to dismiss their action against CMC, with prejudice and without costs. It is so ordered.