**Brenda BROWN**

v.

**SEAMAN FURNITURE COMPANY, INC., et al.**

Civ. A. No. 93–5199.

United States District Court,
E.D. Pennsylvania.

July 28, 1994.

Bernard W. Smalley, Kevin B. Steinberg, Anapol, Schwartz, Weiss and Schwartz, P.C., Philadelphia, PA, for Brenda Brown.

Barbara C. Karkut, Thompson & Pennell, Philadelphia, PA, for Seaman Furniture Co. Inc.

Nancy E. Campbell, Law Offices of David L. Rohde, Philadelphia, PA, for Joseph Cory Delivery Service.

David F. White, Willard R. Burns, Kelly, McLaughlin & Foster, Philadelphia, PA, for Armstrong Furniture, Inc.

### MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court are defendant Seaman Furniture Company's ("Seaman") Motion for Summary Judgment and the plaintiff Brenda Brown's ("Brown") response.

### I. BACKGROUND

On or about December 29, 1992, the plaintiff filed a Writ of Summons in Pennsylvania state court, and on August 30, 1993, she filed her complaint. The complaint alleges that on December 29, 1990, the plaintiff allegedly suffered injury when a piece of furniture she purchased from the defendant collapsed.

On January 3, 1992, Seaman filed for Chapter 11 Bankruptcy. Pursuant to Bankruptcy Rule 3003(c)(3), the Bankruptcy Court issued an order setting June 8, 1992 as the deadline for the filing of each unknown creditor's proof of claim. Seaman published this date *via* the New York Times-national edition and the New York Times–New York edition. On October 1, 1992, the Bankruptcy Court issued an Order confirming the defendant's Chapter 11 Reorganization Plan.

### II. DISCUSSION

■ The defendant claims that the plaintiff's failure to file a timely proof of claim prevents her from maintaining the instant action. The plaintiff, on the other hand, contends that she should not be barred from maintaining this action, since the notice provided by Seaman's was insufficient.

■ Ordinarily, an order confirming a reorganization plan operates to discharge all unsecured debts and liabilities, even those of tort victims who were unaware of the debtor's bankruptcy. 11 U.S.C. § 1141; *see also In re Monroe Well Service, Inc.,* 80 B.R. 324 (Bankr.E.D.Pa.1987). Recognizing that this

rule raises significant due process clause concerns, courts have held that a confirmation order does not operate as a bar to the claims of creditors who did not receive adequate notice of the debtor's bankruptcy and the creditors' need to file a Rule 3003 proof of claim. *In re Nevada Pettibone Corp.*, 151 B.R. 166 (Bankr.N.D.Ill.1993) (*citing In re Longardner & Assoc., Inc.*, 855 F.2d 455 (7th Cir.1988).

While actual notice is obviously the preferred way of discharging or providing notice, the Supreme Court has approved the use of publication notice in instances where actual notice is not possible or practicable. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Mullane,* the Supreme Court held that publication notice comports with the due process clause if it is "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. at 657. *See also In re Charter Co.*, 113 B.R. 725 (M.D.Fla.1990) (applying *Mullane* test to ascertain the propriety of publication notice given by debtor concerning the need for unscheduled creditors to file a proof of claim under Rule 3003). Thus, "[t]he proper inquiry in evaluating notice is whether a party acted reasonably in selecting means likely to inform persons affected, not whether each person actually received notice." *Charter,* 113 B.R. at 728.

In *Charter,* the defendant, who had had its debts discharged in bankruptcy, moved for summary judgment, asserting that the plaintiff's—a prepetition tort claimant—cause of action was barred due to his failure to file a timely proof of claim. During the bankruptcy, the debtor had published notice of the bar date in the New York Times, the Wall Street Journal, the Florida Times–Union, the Houston Chronicle and the St. Louis Post Dispatch. The Court held that this means of notice publication satisfied the due process clause since it was "in national publications and in newspapers of general circulation in areas where [the debtor] did business...." *Id.* at 728 n. 2.

In the instant case, the defendant published notice of the bar date in both the local and *national* editions of the New York Times. Since the national edition is sold throughout the country and can be purchased from any corner newspaper vendor here in Philadelphia, the Court finds that it is a reasonable means for alerting potential creditors of the need to file a proof of claim. As a result, the Court also finds that the plaintiff's tort claim against the defendant was discharged on October 1, 1992, the date on which the Bankruptcy Court issued an order approving the confirmation plan. *See* 11 U.S.C. § 1141.

An appropriate order follows.

### ORDER

AND NOW, this 26th day of July, 1994, upon consideration of the Motion of Defendant and Third–Party Plaintiff, Seaman Furniture Company, Inc., for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, IT IS HEREBY ORDERED and DECREED that the Summary Judgment is **GRANTED** in favor of the Defendant and Third–Party Plaintiff, Seaman Furniture Company, Inc. As a matter of law, Plaintiff's Complaint is herein **DISMISSED** from this Court with prejudice, for lack of timely filing of proof of claim. Seaman Furniture Company, Inc. is herein **DISMISSED** as a Defendant.